DECISION OF DISMISSAL
Plaintiff appeals concerning certain real property assessments for the tax years 2007-08 and 2008-09. This matter is now before the court on Defendants motion to dismiss, filed in its letter of March 11, 2010, requesting that the Complaint be dismissed.
A case management conference was held February 9, 2010. Robert E. Smith, Plaintiff member, participated for Plaintiff; Geoff Bennett appeared for Defendant. Subsequently, written submissions were filed; the record closed on April 6, 2010.
This appeal concerns residential property identified as Account 05008854. The property sold on October 29, 2009, for $640,000. The assessment dates at issue in this appeal are January 1 of both 2007 and 2008.
No appeals were filed with the Clackamas County Board of Property Tax Appeals (BOPTA). For 2007-08, Plaintiff requests a reduction in the real market value (RMV) from $1,030,006 to $645,000. For 2008-09, Plaintiff requests a reduction in the RMV from $1,583,145 to $645,000. (Ptfs Compl at 1.)
Oregon has a structured appeals system for taxpayers to follow when challenging the RMV assigned to their properties. The first step in the appeal process is to a county BOPTA. *Page 2 
Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2).[1]
However, some situations occur that prevent a taxpayer from timely appealing to the county board. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
For these two tax years, Plaintiff's representative stated he was not clear about the local appeal process. He did not realize the assessment magnitude and other market information until sometime later. As a result, the court finds good and sufficient cause is lacking for the failure to timely pursue an appeal for 2009-10. *Page 3 
The second circumstance under which the court can hear a taxpayer's case with such residential property is if it concludes there is a gross error. ORS 305.288(1) sets forth when the court shall order a correction under this approach. The statute states:
 "The tax court shall order a change or correction * * * to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling * * *.
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."
 (Emphasis added.)
Here, the value range alleged by Plaintiff is more than twenty percent. However, the evidence offered in support of the requested relief is scanty. No appraisal was offered. There is no information from Plaintiff about sales of comparable properties. The sole information is the sale of the property. However, that occurred nearly three years before the first assessment date at issue. Even if a time trend amount could be isolated, it is so remote in time as to be of questionable utility. In order for this situation to be classified as a "gross error," more is required. That proof has not been offered by Plaintiff.
The court also notes that the property was listed for sale in June of 2008 for close to the Defendant's RMV. *Page 4 
On a review of the pleadings there is no showing of a gross error. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of April 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailingto: 1163 State Street, Salem, OR 97301-2563; or by handdelivery to: Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 daysafter the date of the Decision or this Decision becomes final and cannotbe changed.
 This document was signed by Magistrate Jeffrey S. Mattsonon April 30, 2010. The Court filed and entered this documenton April 30, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.